1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF WASHINGTON**

**AT TACOMA**

| | |
|---|---|
| **NANCY BAKER** and **FRED L. BAKER**, husband and wife, and the marital community composed thereof, | **NO.** |
| Plaintiff, | **COMPLAINT** |
| vs. | |
| **TARGET CORPORATION**, a Minnesota Corporation, corporation; **JOHN** and **JANE DOES**, I through X, inclusive, | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

COME NOW Plaintiffs, NANCY BAKER, and FRED L. BAKER, by and through

their attorney of record, Jacqueline McMahon, and for cause of action against the Defendants

TARGET CORPORATION and Does 1-10, allege and state as follows in their  Complaint:

### I.    JURISDICTION AND VENUE

1.1  This is an action against Defendant TARGET CORPORATION (TARGET) under Title

I of the Americans With Disabilities Act of 1990 ("ADA"), ADA §§ 101 to 108 (42 U.S.C.A.

§§ 12111 to 12117), for its unlawful employment practices on the basis of disability. Defendant

TARGET intentionally has refused to accommodate Plaintiff NANCY BAKER's disability, and

*Complaint for Damages*
*Page 1*

*Jacqueline McMahon*
Attorney at Law
1103 Shaw Road
Puyallup, Washington 98372
(360) 893-2527 - Phone
(360) 893-4073 - Fax

has constructively discharged her because of her disability, in violation of Plaintiffs' federally protected rights.    Plaintiff has been "constructively discharged" because she is on long-term disability due to Target's refusal to accommodate her disability.   Plaintiff's long-term disability ends September 16, 2018.   Ms. Baker "unemployable" and extended maximum disability coverage for six additional months which ends September 16, 2018.   Her disability pay only covers sixty percent (60%) of her wages.

1.2   Jurisdiction of this Court is invoked pursuant to 28 U.S.C.A. §§ 1331 and 1343. This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C.A. § 12117 (a), which incorporates by reference Sections 706 (f) (1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C.A. § 2000e-5 (f) (1) and (3), pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C.A. § 1981a.

1.3   This action is also authorized by and instituted under the Age Discrimination in Employment Act of 1967, as amended, (the Act) 29 U.S.C.A. §§ 621 et seq. The second claim of this complaint is based on 29 U.S.C.A. § 623 (a). The Court has jurisdiction to hear this claim pursuant to 28 U.S.C.A. §§ 1331 and 1343.

1.4 This Court has jurisdiction over the claims brought pursuant to the Washington Law Against Discrimination, RCW Ch. 49.60, pursuant to 28 U.S.C.A. § 1367.

1.5   The employment practices alleged herein to be unlawful were committed in Pierce County, Washington and consequently venue in this judicial district is proper pursuant to 28 U.S.C.A. § 1391.

## II.  PARTIES

2.1  Plaintiffs, NANCY BAKER, and FRED L. BAKER, are citizens of the United States and resided in and continue to reside in Pierce County, Washington at all times material to this action.

*Complaint for Damages*
*Page 2*

*Jacqueline McMahon*
Attorney at Law
1103 Shaw Road
Puyallup, Washington 98372
(360) 893-2527 - Phone
(360) 893-4073 - Fax

2.2  At all material times hereto, Plaintiff NANCY BAKER was and is a qualified individual with a disability within the meaning of the Americans with Disabilities Act, 42 U.S.C. § 12111 (8), in that with reasonable accommodation she can perform the essential functions of the employment positions that she held at TARGET, despite the fact she suffers from a disability in the form of a knee injury suffered while at work which restricts her from standing for protracted periods of time or from lifting heavy objects.

2.3  At all times material hereto, Plaintiff NANCY BAKER was and is a member of the class of persons entitled to seek relief under ADEA, as she was and is 40 years of age or older.

2.4 TARGET is a corporation and at all times relevant hereto has done business in the State of Washington and has continuously had and does now have at least 25 (25) employees.

2.5 At all relevant times, TARGET is an employer within the meaning of the ADA, as it has continuously been engaged in an industry affecting commerce and has 25 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding year within the meaning of Section 101 (5) of the ADA, 42 U.S.C.A. § 12111 (5), and Section 107 (7) of the ADA, 42 U.S.C.A. § 12117 (a), which incorporates by reference Sections 701 (g) and (h) of Title VII, 42 U.S.C.A. § 2000e (g) and (h).

2.6 TARGET is an employer within the meaning of the Washington Law Against Discrimination, RCW 49.60.040 (11).

2.7 On information and belief, Defendants John and Jane Does 1through 10 are employers within the meaning of the Washington Law Against Discrimination, RCW 49.60.040 (11).  On information and belief, said Defendants Doe acted in concert with TARGET and are jointly and severally liable for the harm hereinafter alleged.   When the true identities of said Defendants

*Jacqueline McMahon*
Attorney at Law
1103 Shaw Road
Puyallup, Washington 98372
(360) 893-2527 - Phone
(360) 893-4073 - Fax

1   Doe becomes known to Plaintiff, leave of court to amend this complaint accordingly will be

2   sought.

### III. PROCEDURAL STEPS

3.1. Within 300 days after the alleged unlawful employment practice hereinafter set forth, Plaintiffs filed a charge of disability discrimination with the Equal Employment Opportunity Commission ("EEOC") satisfying the requirements of 42 U.S.C.A. § 2000e-5, and on June 11, 2018, less than 90 days prior to the filing of this Complaint, the EEOC issued to Plaintiffs a Notice of Suit Rights with respect to Plaintiff's charges as set forth below.

### IV. FACTS

4.1  Plaintiff Nancy Baker is a 71 year-old woman who resides in Pierce County Washington.

4.2  Ms. Baker began working as a cashier for Target on October 4, 2002.

4.3  From February 2008 until August 2016, Ms. Baker worked for TARGET as a Fitting Room Team Member.

4.4  Ms. Baker returned to the position of cashier on August 28, 2016.

#### Failure to accommodate disability

4.5  Ms. Baker has a permanent disability which is known to TARGET.  Specifically, Ms. Baker suffers from an injury to her left knee she suffered in 2005 while at work at TARGET which restricts her from standing for protracted periods of time or from lifting heavy objects. MS. Baker sustained the injury when she tripped and fell on a rolled-up carpet at work.

4.6   When Plaintiff was released to return to work on April 8, 2005, it was with continued monitored care by her physican and with substantial limitations and the need for accommodation.   One of the accommodation conditions for me to return to work was that

*Complaint for Damages*
*Page 4*

*Jacqueline McMahon*
Attorney at Law
1103 Shaw Road
Puyallup, Washington 98372
(360) 893-2527 - Phone
(360) 893-4073 - Fax

Plaintiff be provided a chair/stool so she could sit every two hours. Additionally, Ms. Baker's left leg had to be elevated with knee support.

4.7 In May 2005, Plaintiff's release to work requirements were modified by her physician as follows: a) could only stand for two hours and then required to sit for a period of time, then stand another two hours and sit for a period of time, b) if Plaintiff's shifts were longer than four hours, she would need to be allowed to sit for the remainder of the shift, c) a stool or shair was required to be provided Plaintiff to allow her to change her position.

4.8 For most of Ms. Baker's employment, TARGET provided reasonable accommodation of her disability until August, 2013. It was this month that Plaintiff's chair/stool was removed by TARGET executives, specifically Krysta Kantrell and Shawn, without explination or discussion.

4.9 In September of 2013, Plaintiff again discussed wtih Ms. Kantrell her need for special accommodations; specifically, her need for a stool/chair to be provided during her shifts. Ms. Kantrell advised Plaitniff there was no accommodation paperwork in her file. Thereafter, Ms. Kantrell retaliated further by only scheduling Plaintiff for four (4) hour shifts to avoid any need to accommodate. Ms. Kantrell told Plaintiff the stool/ chair was not "Target Brand" when discussing her refusal to accommodate Plaintiff. Ms. Kantrell and TARGET executives knew that cutting Plaintiff's hours would leave her with less than the 20 hours weekly averaged over the year, to ensure Ms. Baker could keep her medical and dental insurance and long-term disability coverage. Moreover, work shifts in the fitting room area were a minimum of 4.75 hours each. Reducing Plaintiff's scheduled shifts to under four hours meant she would no longer be able to work in the fitting room where she could be accommodated.

*Complaint for Damages*
*Page 5*

*Jacqueline McMahon*
Attorney at Law
1103 Shaw Road
Puyallup, Washington 98372
(360) 893-2527 - Phone
(360) 893-4073 - Fax

4.10  On or around November 1, 2013, Ms. Baker's physician identified, on a Labor and Industry Form provided to TARGET, the restrictions and accommodations she needed. One of the accommodations her physician set forth was her need for a chair or stool.   Additionally, Plaintiff was prohibited from doing any activity at TARGET that required her to do any kneeling or bending.

4.11 The Labor and Industry Form and accommodation letter were ignored by TARGET and Ms. Baker's need for accommodation was denied.

4.12  Ms. Baker was chastised by Executive Team Leads (hereinafter "ETLs") Krystal Kantrell and "Shawn" as being "not Target Brand" due to her need for accommodation with a chair or stool.  Additionally, when Ms. Kantrell reviewed Plaintiff's accommodation paperwork, she was told that the chair would not be returned regardless of any need for accommodation.

4.13  In April  2014, TARGET was again made aware of Ms. Baker's need to be accommodated and again her request for accommodation was denied.  Ms. Baker advised Ms. Chelsey Becker, TARGET's Store Executive Team Lead (hereinafter "STL"), which is also synomous to store manager, at the Puyallup store (i.e. Store No 0342), she needed to have a chair or stool provided to her. Ms. Becker responded she would look into it and get back to Ms. Baker. Ms. Becker never responded to Ms. Baker regarding her need for accommodation. Ms. Becker left TARGET's Puyallup store in September, 2014.

4.14  During this same period of time, Plaintiff had a conversation with Ms. Becker regarding her hours of work.  Plaintiff again expressed her concern that if she was only scheduled for four hour shifts, she would not be able to satisfy the 20 hour per week annual minimum needed to receive employee benefits.  Plaitniff told Ms. Becker she could work longer shifts if she was provided accommodation.  Ms. Becker refused to accommodate Plaintiff because she felt she

**Jacqueline McMahon**
Attorney at Law
1103 Shaw Road
Puyallup, Washington 98372
(360) 893-2527 - Phone
(360) 893-4073 - Fax

had to "treat everyone the same".  Ms. Baker was only being scheduled to work 3-4 days and 4:45 hour shifts; yet other employees who did not require accommodations were being scheduled 5 days per week.

4.15  In October 2014, when a new Human Resources Manager replaced Ms. Kantrell, Ms. Baker again requested to be accommodated. Plaintiff was advised by the new Human Resources Manager that there was no accommodation paperwork in her personnel file.  Plaintiff was further told by TARGET executives, that she was not covered under the Americans with Disabilities Act (hereinafter "ADA").

4.16  On or around November 7, 2014, a stool was finally provided in the fitting room, but it was removed in December, 2015.   Plaintiff was again signaled out by TARGET executives as being "not Target Brand".  She was ridiculed and subjected to demeaning comments related to her need to be accommodated and her hours were cut.

4.17  In a conference with ETL Erin Crawford on June 25, 2016, Ms. Baker explained her concern she was getting fewer hours than other team members.  Ms. Crawford told Plaintiff the reason was because Ms. Baker had less availability. Ms. Baker replied she had less availability due to her disability restrictions.  Ms. Crawford then told Ms. Baker she was part-time due to her disability and some employees are sole supporters and need 30 hours, so the hours were being given to those employees as opposed to employees who had partners at home.  Ms. Crawford also stated because Ms. Baker could not work past 7:00 p.m., she was not being scheduled as many hours.  Ms. Baker explained the 7:00 p.m. restriction was set by her physician.

4.18  On July 14, 2016, Ms. Crawford again called Plaitniff into her office and demanded she provide an updated TARGET Accommodation Questionnaire.  Ms. Baker was given two weeks to return it.  Ms. Crawford showed Plaintiff the 2014 questionnaire on file and asked if it was

*Jacqueline McMahon*
Attorney at Law
1103 Shaw Road
Puyallup, Washington 98372
(360) 893-2527 - Phone
(360) 893-4073 - Fax

correct.  Ms. Baker replied it most likely was. Ms. Crawford then gave Plaintiff a copy of the Fitting Room Core Roles and advised Plaintiff she has spoken to District HR Jill Kranz about her.  Ms. Baker was extremely concerned her paperwork concerning her ADA accommodation was repeatedly being lost and she was not receiving accommodated as set forth by her physician.

4.19  On August 2, 2016, Plaintiff returned with an updated accommodation questionnaire that was similar to the one she had provided to TARGET in October 2014.  Ms. Baker met again with Ms. Crawford on that same date.   Ms. Crawford reviewed the information she had previously discussed with Plaintiff and she reviewed the Core Roles for the fitting rooms.  Ms. Crawford informed Plaintiff that she saw no reason why Ms. Baker could not continue in the fitting room and she assured Plaintiff the documents would be sent to District HR Jill Kranz for approval.

4.20  Ms. Baker then went on a two-week vacation. During that time, Ms. Crawford left TARGET to find employment elsewhere and gave Plaintiff's file to Ms. Becker.

4.21  On August 2016, Ms. Becker asked Plaintiff to come to her office.  STL in training, Crystal Rausch was also present at that meeting.  Ms. Becker inquired how Ms. Baker picked up clothing from the dressing room.  Ms. Baker replied she picked up items on the bench and then would sit down and remove merchandise from the floor.  Ms. Becker also inquired how Plaintiff would put merchandise on the sales floor.  Ms. Baker replied she does not place merchandise on the lower shelves because of her disability.  Ms. Rausch commented, it was bending with the knees—like squatting Ms. Baker could not do, and Plaintiff agreed.

4.22  At the meeting on August 23, 2016, Ms. Becker informed Plaintiff she was to being moved to cashier to keep her "safe", as the fitting room duties now included zone work in the shoe area. Ms. Baker was not given any option but to work as cashier.

*Jacqueline McMahon*
Attorney at Law
1103 Shaw Road
Puyallup, Washington 98372
(360) 893-2527 - Phone
(360) 893-4073 - Fax

4.23  Ms. Becker insisted Ms. Baker would be better off as cashier.  Ms. Baker explained that working as cashier would cause her great pain and would risk further injury.  Plaintiff went on to explain that for eight years (on and off) she had been accommodated at the fitting table and could perform the tasks adequately, with modification, due to her disability. Ms. Baker never said she could not bend down to fold clothes or put merchandise away because with accommodation, she could perform such tasks. Ms. Baker further explainted the cashier role did not allow for enough movement, and she would be forced to spend too much time being stationary.

4.24  Ms. Baker was apprehensive about the change of position to cashier.  The cashier position entailed constant lifting and some bending whereas working in the fitting room, Plaintiff was not required to do these repetative tasks and in fact, had been advised by her physician not to do so because of her restrictions.  Moreover, the stool given to Plaintiff in the cashier position was not adequate to sit in and accomplish the checkout process, but instead caused further injury.  Ms. Baker was forced to either take the cashier position and risk additional injury or face termination from TARGET employment.

4.25  On August 30, 2016, Ms. Baker began her first shift as a cashier.  She was given a stool that was inadequate to perform all tasks in a single transaction, due to the height of the stool and the distance between the conveyor belt, bag area and the register.  Additionally, some items needed to be scanned in the cart, which could not be done if Ms. Baker was seated.  It was literally impossible for Plaintiff to sit and reach the register, the conveyor belt, place merchandise in bags and lift them onto the counter, to satisfy her duties as cashier.  Moreover, when Ms. Baker was moved to cashier, no one went over the Core Roles considering her need for accommodation as a cashier.

*Jacqueline McMahon*
Attorney at Law
1103 Shaw Road
Puyallup, Washington 98372
(360) 893-2527 - Phone
(360) 893-4073 - Fax

4.26 Ms. Baker spoke to Robin Verge in the cashier department regarding her concerns working as a cashier and her documented disability. Ms. Verge told Ms. Baker she could not help her. She advised Plaintiff to speak to HR but the individual to whom she needed to speak was on vacation.

4.27 Ms. Baker worked two shifts as a cashier. It was extremely painful for Plaintiff to do so, given the configuration of the cashier lanes and because the shifts were either just under or more than six hours long, meaning Plaintiff would need to sit 60-90 minutes per shift per her documented accommodation need. Additionally, because there were typically only two cashiers scheduled during a shift, Plaintiff could only sit for 10-20 seconds at a time, essentially requiring her to do squats throughout her shift. When Plaintiff attempted to sit the 30 minutes to 1.5 hours as directed by her physician to avoid further injury to her knees, she was not allowed to do so, in violation of her documented need for accommodation set forth by Plaintiff's physician and on her ADA accommodation form. In fact, Ms. Baker was told she was not able to move away from the register to walk. The only time she was allowed to move away from her register was when there were no guest in her line. When Plaintiff spoke to TARGET management explaining she was unable to work as cashier due to the constant repetition from sitting on her stool to standing to operate the cash register, TARGET refused to accomodate. Plaintiff was in constant daily pain each day she was forced to work as cashier. TARGET management had no regard for Ms. Baker's requests, her need for accommodation or the incrased pain she was now in being forced to perform cashier duties.

4.28 In September 2016, ETL Michael Bowlden learned that Plaintiff was being asked by other employees about TARGET'S refusal to accommodate her disability. ETL Mr. Bowlden approached Ms. Baker's friends and co-workers at the store. Mr. Bowlden falsely advised

*Jacqueline McMahon*
Attorney at Law
1103 Shaw Road
Puyallup, Washington 98372
(360) 893-2527 - Phone
(360) 893-4073 - Fax

Plaintiff's co-workers that Ms. Baker had given him their names as individuals to whom she had spoken regarding her accommodation needs.  Mr. Bowlden demanded Ms. Baker stop talking to other employees about her situation.  Plaintiff realized she was being watched by TARGET executives and team leads and she was essentially unable to even talk casually to acquaintances in the store.

4.29  Additionally, in mid-September 2016, Ms. Baker was confronted by HR ETL Chelsey Becker and another TARGET employee, "Jen", while Ms. Baker was engaged in checking out guests.  Jen aggressively entered the cashier area and physically bumped into Plaintiff.  Ms. Becker told Plaintiff, Jen would be taking over the cashier spot, so Ms. Becker could speak to Plaintiff.  Ms. Baker was embarrassed and humiliated, as there were guests in line who observed the aggressive behavior of Jen.  Ms. Baker felt as if she was being singled out for something but had done nothing wrong.

4.30  Ms. Becker had Plaintiff follow her approximately 15 feet from her register to the front of the store where other guests and TARGET employees were present. Ms. Becker confronted Plaintiff regarding her reluctance to meet with her and two other TARGET managers; however, any meeting would have been premature as Plaintiff did not yet have the letter from her physician defining her disability, which TARGET had requested, and the need to be accommodated.  Ms. Becker was extremely agitated and was speaking to Ms. Baker in a raised and demeaning voice in the front of the store.  Ms. Becker was discussing her August meeting with Plaintiff when she and Ms. Kantrell coerced Plaintiff into accepting the cashier position.

4.31  When Plaintiff told Ms. Becker she did not recall the conversation during the August meeting as being as what Ms. Becker was reiterating, Ms. Becker angrily asked Ms. Baker, "*where do you see yourself at TARGET going forward*?"

*Jacqueline McMahon*
Attorney at Law
1103 Shaw Road
Puyallup, Washington 98372
(360) 893-2527 - Phone
(360) 893-4073 - Fax

4.32  The manner and tone in which Ms. Becker asked this question left Plaintiff with the understanding that Ms. Becker wanted her out of TARGET.  Ms. Becker intimated Plaintiff was not able to work at TARGET.  Ms. Baker responded by stating she saw herself working in the fitting room.  Thereupon Ms. Becker ended the conversation and walked away abruptly.  After this incident, there was no question in Plaintiff's mind that because of her age and disability, she no longer "*fit in*" at TARGET.

4.33  In September 2016, Ms. Baker began telling GSTL Robyn Verge, ETL Michael Bowlden and interim ERL-HR Vin Hinguyen, she was not being accommodated as a cashier and expressed her desire to return to the fitting room where her disability could be accommodated. Ms. Baker further explained to these individuals that the cashier position did not allow her to be as mobile as she needed to be per her accommodation requests.

4.34  Interim HR Vin Hinguyen, informed Plaintiff he was required to discuss Plaintiff's request with District HR Jill Kranz.  He did so and Ms. Kranz discussed Plaintiff's accommodation request with TARGET corporate.  TARGET corporate demanded a clarification letter from Ms. Baker's physician regarding whether she could work five hours or more.  HR Vin Hinguyen thereafter advised Plaintiff there were no ADA papers or any other documentation for him to verify this information despite the fact Plaintiff had provided TARGET an updated accommodation questionnaire on July 29, 2016.  Mr. Hinguyen stated he could not move Plaintiff to another position without the clarification letter and TARGET corporation approval.  Mrs. Baker was told by TARGET managers that until she received word from a TARGET corporate, she was ordered to remain working as a cashier.

4.35  On October 13, 2016, Ms. Becker asked Plaintiff if she had the updated accommodation form.  Ms. Baker informed Ms. Becker she did.  Ms. Becker asked if Ms. Faker would be at the

*Jacqueline McMahon*
Attorney at Law
1103 Shaw Road
Puyallup, Washington 98372
(360) 893-2527 - Phone
(360) 893-4073 - Fax

store on Monday, October 17, to which Ms. Baker said yes.  Neither Ms. Becker nor any other TARGET management scheduled any meeting with Plaintiff.

4.36  Later in the morning of October 13, 2016 Ms. Baker was in so much pain from attempting to work at the cashier position she had to leave work early.  Ms. Baker informed GSTL Ms. Verge she was in severe pain and needed to leave.  Ms. Verge told Plaintiff she could leave her shift early.

4.37  Before leaving work on October 13, 2016, Plaintiff provided the clarification letter to HR clerical assistant Alli.

4.38  On October 13, 2016, Ms. Baker saw her physician who advised her that she needed to go on medical leave immediately.   Ms. Baker went on medical leave on or about October 13, 2016 and continuing to the present.

4.39  Target's refusal to accommodate Plaintiff in the cashier position resulted in ongoing injury and further damage.  The stool provided was too short to be used in the cashier position.  As a result, Ms. Baker was required to constantly do squats as she was forced to move up and down (rather than remain stationary while seated), to move items from the conveyor belt into sacks and then up on to the counter or in the cart for guests.  As a result of this repetitive activity Ms. Baker suffered further injury with buckling and pain to her left knee and new injury to her right Knee with associated pain and buckling.  Ms. Baker was not allowed to take additional breaks as set forth in her accommodation form or walk as needed.

4.40  Moreover, TARGET'S failure to accommodate was demonstrated in management's requirement that if Plaintiff needed to walk because of her disability, she would be required to fill coolers, which required heavy lifting and bending which she was medically prohibited from doing.   The distance from the cashier position to the coolers did not provide Ms. Baker the

*Jacqueline McMahon*
Attorney at Law
1103 Shaw Road
Puyallup, Washington 98372
(360) 893-2527 - Phone
(360) 893-4073 - Fax

amount of walking medically needed.  TARGET was aware of these limitations as they were set forth in the ADA accommodation form filled out by Ms. Baker's physician.

4.41 Ms. Baker was informed by HR clerical worker Lucy that she had been assigned to the cashier position permanently and no longer was given the option of moving back to the fitting room.   The actions of TARGET in failing to accommodate Plaintiff and TARGET executives discrimination against her, cause Ms. Baker to suffer additional pain and physical injury.

4.42  From the time she started working for TARGET on October 4, 2002, until her worksite injury in March 2005, Plaintiff received performance reviews that were satisfactory and above satisfactory.  After her injury, and after TARGET acknowledged Ms. Baker's need for light duty and accommodation, Plaintiff has consistently received performance evaluations marking her as inconsistently effective.  Ms. Baker believes she has been given consistently poor annual reviews after her injury as part of TARGET's plan to terminate her, based upon her age and disability. The poor annual reviews also enabled TARGET to give Ms. Baker little, if any, pay raise.

**Age Discrimination**

4.43  Ms. Baker was over 40 years of age at the time of her constructive discharge in October 2016.

4.44  Ms. Baker was employed at TARGET continuously for 14 years.

4.45  Beginning in 2015 through October 2016, Ms. Baker was taunted by various team members with taunts such as "when are you going to retire?"  And if she was limping due to her knee, fellow employees would tell Ms. Baker she should retire.

4.46  In May 2016, Ms. Becker began setting arbitrary times for Ms. Baker to complete various tasks, knowing she was slower in her ability to complete those task due to her disability. Other employees in the fitting room area were not subject to such arbitrary timelines.

*Jacqueline McMahon*
Attorney at Law
1103 Shaw Road
Puyallup, Washington 98372
(360) 893-2527 - Phone
(360) 893-4073 - Fax

1       4.47  In the cashier position, after her 2005 injury, Ms. Baker was confronted with a hostile
2   environment.  Team members were frustrated with Ms. Baker's need for accommodation. Ms.
3
4   Baker felt targeted in the position of cashier.  The mid-September 2016, confrontation involving
5   Ms. Baker, her supervisor HR ETL Chelsey Becker, and another TARGET employee, Jen, is
6   but one instance of that hostile environment.

7   **V.  CLAIMS FOR RELIEF**
8   **CLAIM 1-AMERICANS WITH DISABILITIES ACT**
9
10      5.1  Plaintiff NANCY BAKER incorporates and realleges paragraphs 1.1 through 4.47
11  above as though entirely set forth.

12      5.2  Plaintiff NANCY BAKER suffers from a physical impairment that limits her in the
13  major life activity of working. Accordingly, she is disabled within the meaning of the ADA.
14
15      5.3  Plaintiff NANCY BAKER could have performed her job, for which she was qualified,
16  with reasonable accommodation from TARGET, but that accommodation was unlawfully
17  denied to her.

18      5.4  The acts alleged above constitute unlawful employment practices in violation of ADA
19  §§ 102 (a), 102 (b) (1) and 102 (b) (5) (B), 42 U.S.C.A. §§ 12112 (a), 12112 (b) (1) and 12112
20
21  (b) (5) (B).  These practices include, but are not limited to, substantially reducing the number of
22  hours Plaintiff NANCY BAKER worked, refusing to accommodate her disability, subjecting
23  her to a hostile work environment, retaliating against her for her requests for accommodation,
24  and constructively terminating her employment, even though she was able to perform the
25  essential functions of her position with reasonable accommodation, because of her disability

and the need to make reasonable accommodations to her possible future physical impairments.

*Complaint for Damages*
*Page 15*

*Jacqueline McMahon*
Attorney at Law
1103 Shaw Road
Puyallup, Washington 98372
(360) 893-2527 - Phone
(360) 893-4073 - Fax

5.5  All conduct alleged above occurred during a legally cognizable time period at

TARGET'S Puyallup store, number 0342.

5.6  TARGET's employment practices, as alleged above, deprived Plaintiff NANCY

BAKER of equal employment opportunities and otherwise adversely affected her status as an

employee and were the result of her disability.

5.7  As a proximate result of TARGET'S discrimination against Plaintiff NANCY BAKER

on the basis of her disability, she has suffered and continues to suffer substantial losses,

including the loss of past and future earnings, deferred compensation, decrease in pension

accumulation, 401k restrictions, and other employment benefits.

5.8  Plaintiff NANCY BAKER also has and continues to suffer severe mental and

emotional distress as a proximate result of TARGET'S discrimination against Plaintiff

NANCY BAKER on the basis of her disability.

5.9  The extent and amount of Plaintiff NACY BAKER's monetary damages is presently

unknown, but to be made more certain at the time of trial.

5.10  TARGET engaged in the above-described conduct against Plaintiff NANCY BAKER

with malice and in reckless disregard of her federally protected rights.

## CLAIM 2-AGE DISCRIMINATION IN EMPLOYMENT ACT

6.1  Plaintiff NANCY BAKER incorporates and realleges paragraphs 1.1 through 5.10

above as though entirely set forth.

6.2  The acts alleged above constitute unlawful employment practices in violation of ADEA

§ 623 (a) (1), (d).  These practices include, but are not limited to, substantially reducing the

number of hours Plaintiff NANCY BAKER worked, transferring her from the fitting room,

where she could perform all required tasks with reasonable accommodation, to a cashier

*Jacqueline McMahon*
Attorney at Law
1103 Shaw Road
Puyallup, Washington 98372
(360) 893-2527 - Phone
(360) 893-4073 - Fax

position where she could not perform all required tasks, subjecting her to a hostile work environment, retaliating against her for her requests for accommodation, and constructively terminating her employment, even though she was able to perform the essential functions of her position with reasonable accommodation, because of her age.

6.3  Plaintiff NANCY BAKER's age was the motivating factor in TARGET's actions toward her.

6.4  Plaintiff NANCY BAKER had been engaged in protected activities including seeking an accommodation for a disability, complaining about TARGET'S unlawful practices, such as denying her reasonable accommodation for her position in the fitting room and transferring her from the fitting room, where she could perform all required tasks with reasonable accommodation, to a cashier position where she could not perform all required tasks without further injury..

6.5  As a proximate result of the wrongful conduct of TARGET, Plaintiff NANCY BAKER has suffered and continues to sustain substantial losses in earnings and other employment benefits in an amount to be determined at trial according to proof.

6.6  In doing the acts alleged in this complaint, TARGET acted with oppression, fraud, and malice, and in conscious disregard of Plaintiff NANCY BAKER's rights and Plaintiff is therefore entitled to punitive damages in an amount to be determined at trial according to proof and liquidated damages pursuant to 29 U.S.C.A. § 626 (b) in an amount to be determined at trial.

## THIRD CLAIM-VIOLATION OF WASHINGTON LAW

## AGAINST DISCRIMINATION

(Against all defendants)

*Jacqueline McMahon*
Attorney at Law
1103 Shaw Road
Puyallup, Washington 98372
(360) 893-2527 - Phone
(360) 893-4073 - Fax

7.1  Plaintiff incorporates and realleges paragraphs 1.1 through 6.6, above.

7.2  Each defendant named above is an "employer" as defined in the Washington Law Against Discrimination (WLAD), RCW 49.60.040 (11).

7.3  At the time of his constructive discharge from employment in October 2016, plaintiff NANCY BAKER was 69 years old.

7.4  Defendants' actions alleged above constitute unlawful employment practices in violation of RCW 49.60.030 (1) (a) and RCW 49.60.180 (2), (3).  These practices include, but are not limited to, substantially reducing the number of hours Plaintiff NANCY BAKER worked, refusing to accommodate her disability, subjecting her to a hostile work environment, retaliating against her for her requests for accommodation, and constructively terminating her employment, even though she was able to perform the essential functions of her position with reasonable accommodation, because of her disability and the need to make reasonable accommodations to her possible future physical impairments.

7.5  There are no legitimate reasons for Plaintiff NANCY BAKER'S constructive discharge after 14 years of satisfactory job performance. The reasons offered by defendants to justify their actions are simply a pretext to conceal their intent to intentionally terminate her for illegal discriminatory reasons based on her disability and her age.

7.6  Defendants constructively discharged Plaintiff NANCY BAKER from employment because of her disability and her age in violation of RCW 49.60.030 (1) (a) and RCW 49.60.180 (2), (3).

7.7  As a direct, natural, proximate and foreseeable result of the intentional actions of defendants, Plaintiff NANCY BAKER has suffered past and future pecuniary losses, including,

*Jacqueline McMahon*
Attorney at Law
1103 Shaw Road
Puyallup, Washington 98372
(360) 893-2527 - Phone
(360) 893-4073 - Fax

but not limited to past and future wage loss, loss of employment benefits, and emotional distress.

WHEREFORE, plaintiff prays judgment as follows:

8.1 Awarding Plaintiff NANCY BAKER reinstatement to her former position in the fitting room with TARGET with full benefits and wage increase or, in lieu of reinstatement, awarding her lost wages, future wage loss and lost benefits, in amounts to be established at trial.

8.2 Alternatively, awarding Plaintiff NANCY BAKER special damages for lost wages, benefits, future wage loss, and out of pocket expenses, (including medical expenses), in amounts to be established at trial.

8.3 Awarding Plaintiff NANCY BAKER general damages for loss of enjoyment of life, pain and suffering, injury to reputation, mental anguish, emotional distress, and humiliation;

8.4 Awarding Plaintiff NANCY BAKER  prejudgment interest in an amount to be proved at trial;

8.5 Awarding  Plaintiff NANCY BAKER compensation for any tax or tax penalty associated with a recovery;

8.6 Awarding  Plaintiff NANCY BAKER reasonable attorney's fees and costs pursuant to 42 USC § 12205, 29 U.S.C. § 626 (b) and 29 USC § 216 (b), and RCW 49.60.030 (2), and RCW 49.48.030.

8.7 Whatever further and additional relief the court shall deem just and equitable.

Dated this 10ᵗʰ day of September  2018.

Jacqueline McMahon, WSBA #19321
Attorney for Plaintiff NANCY BAKER

*Jacqueline McMahon*
Attorney at Law
1103 Shaw Road
Puyallup, Washington 98372
(360) 893-2527 - Phone
(360) 893-4073 - Fax